OPINION OF THE COURT
William J. Burke, J.
This is an omnibus motion made by the defendant wherein numerous demands for relief have been requested. This decision is being written to resolve those issues that have not been previously ruled upon at the oral arguments of this motion.
The first issue to be discussed involves the defendant’s contention that the instant indictment should be dismissed in that it is alleged that the Grand Jury did not vote to indict this defendant.
The facts indicate that the defendant originally requested *331 that these nonfelony charges be presented to a Grand Jury pursuant to authority of CPL 170.25 (subd 1) and pursuant to such request, an order was granted to allow these charges to be considered by a Grand Jury for their action.
However, following the Grand Jury presentation, the action determined upon by this Grand Jury was the direction to file a prosecutor’s information in the local criminal court. On July 20, 1979 the defendant was arraigned in the Syracuse City Court upon a prosecutor’s information. The defendant’s counsel objected to such proceeding upon the basis that when a case is presented to a Grand Jury, pursuant to a request authorized by CPL 170.25 (subd 1), the charges must be prosecuted by an indictment in County Court and not a prosecutor’s information in a local criminal court.
The defendant’s motion was reserved upon by the local criminal court, and before any opinion was rendered, an indictment was filed with the County Court alleging, in substance, the charges previously set out in the prosecutor’s information.
From the People’s answering affidavit, it is clear that after the arraignment of the defendant, and the motion by the defendant in the local criminal court to dismiss the prosecutor’s information, no subsequent Grand Jury action was taken to specifically vote the return of an indictment. The People further argue that the minutes reveal the discrepancies in this regard were merely clerical errors, ministerial in nature and that the indictment was supported by ample legal evidence and, in any event, the indictment supercedes and renders a legal nullity the prosecutor’s information.
This court has read all the minutes of the Grand Jury proceeding and has examined the relevant papers referred to in this motion and they clearly show that only one vote was taken, and that vote resulted in the filing of a prosecutor’s information.
CPL 190.65 entitled "Grand jury; when indictment is authorized”, states in subdivision 3 thereof: "Upon voting to indict a person, a grand jury must, through its foreman or acting foreman, file an indictment with the court by which it was impaneled.” (See, also, CPL 190.25, subd 1; 190.60; emphasis added.)
Thus, from the above-cited sections of the CPL, it is manifest that in order for a Grand Jury to indict, and before a foreman of a Grand Jury can cause the filing of an indictment *332 with the impanelling court, the Grand Jury must have specifically voted to indict the accused.
Upon the state of the record before this court, however, only one vote was taken and that vote resulted in the filing of a prosecutor’s information and no additional vote was taken for an indictment. While this court believes that this substantive procedural error may have resulted from the unusual utilization of a Grand Jury pursuant to the mandates of CPL 170.25 (subd 1), the failure to vote specifically to indict this defendant is a substantive procedural error which can only be cured by a representation of this case to another Grand Jury. Therefore, the court is of the opinion that the instant indictment should be dismissed with leave to resubmit upon the application of the People.
The remaining issues alleged upon this motion are rendered academic as a result of this dismissal.